IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:21-CR-282 (LO) |
| | ) | |
| DIANE D. STURGIS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING</u>**

The United States of America respectfully submits this memorandum in aid of the sentencing hearing for defendant Diane D. Sturgis. The sentencing hearing is scheduled for April 15, 2022, at 9:00 a.m.

On February 1, 2022, the defendant, a former contracting officer for the Broadcasting Board of Governors ("BBG"), pleaded guilty to a one-count criminal information charging her with conspiracy to commit bribery and honest services mail fraud. The defendant admitted that she and others engaged in a bribery and procurement fraud scheme in which the defendant's relative received approximately $68,000 from a government contracting firm and its managers in exchange for professional staffing contracts awarded by the defendant in her official capacity. As the Court is aware, the defendant previously admitted that she engaged in a similar scheme involving a different vendor and is serving a two-year sentence of imprisonment. *See United States v. Diane D. Sturgis*, No. 1:20-cr-00158 (LO) (the "original matter").

When calculating the defendant's advisory guidelines for the purpose of sentencing, the parties and the U.S. Probation Office ("USPO") concur that: (1) the defendant's base offense level is 14 pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Sentencing

Guidelines") § 2C1.1(a)(1); (2) the offense involved more than one bribe, thereby increasing the defendant's base offense level by two levels pursuant to U.S.S.G. § 2C1.1(b)(1); (3) the value of the payments received is more than $40,000 but less than $95,000, thereby increasing her base offense level by six levels pursuant to U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1; and (4) the defendant's offense involved a public official who held a sensitive position and is a high-level decision-maker, thereby warranting a four-level increase to her base offense level pursuant to U.S.S.G. § 2C1.1(b)(3). *See* ECF No. 15 (USPO Pre-Sentence Report ("PSR")) ¶¶ 3, 80-91. The parties and the USPO also agree that the defendant's total offense level is 23 (46-57 months) after a three-level reduction for the defendant's timely acceptance of responsibility. *See* PSR ¶¶ 3, 91, 128.

As set forth in the plea agreement, the United States and the defendant have also agreed and stipulated that the related and relevant conduct described in the Statement of Facts (ECF No. 8) in the original matter is closely related for purposes of U.S.S.G. §§ 1B.1.3 and 3D1.2. The parties further agree that a term of imprisonment in this matter should run concurrently with the two-year term of imprisonment that was part of the defendant's judgment in the original matter. Because the United States and the defendant have stipulated to an advisory guideline range in this matter that is higher than the advisory guideline range calculated by the Court in the original matter, the parties have agreed jointly to make a non-binding recommendation of a downward variance of 16 months below the low-end of the applicable Guideline range to a term of imprisonment of 30 months that would run concurrently with the sentence imposed by the Court in the original matter (and, thus, result in an additional six months of imprisonment). Finally, the parties agree, and the USPO concurs, that the related and relevant conduct in this matter could

have been part of the prior sentence of imprisonment in the original matter and, thus, the defendant's criminal history should remain a Category I pursuant to U.S.S.G. § 4A1.1. PSR ¶¶ 3, 95-97 & n.1, 129.

Based on these stipulations, which are non-binding on the Court, the government respectfully submits that the defendant should be sentenced to an additional six months of imprisonment, to run concurrently with her prior, two-year sentence in the original matter. Because the defendant appears capable of paying a fine, the government further recommends a fine at the lowest end of the advisory guideline range.[1] *See* PSR ¶ 127.

## I. Background

According to the statement of facts and the PSR, the defendant served as a BBG contracting officer from late 2007 until late 2017. ECF No. 9 ¶ 2; PSR ¶ 14. Among other things, the defendant oversaw professional staffing contracts awarded to Company 1, a government contracting firm in Virginia. Between in or about late 2014 and in or about late 2016, the defendant, and two principals of Company 1, Rita Starliper and William F. ("Bill") Snow,[2] agreed to and did hire and pay the defendant's relative ("Person A") for a Company 1 job involving minimal work and which resulted in payments to Person A of more than $68,000. In exchange, the defendant took official actions that benefitted Snow, Starliper, and Company 1,

---

[1] The government recommends a fine in lieu of restitution. Although restitution is mandatory, the victim in this matter, the BBG, received contract performance after incurring unascertained costs associated with related bid protests, ancillary proceedings, and settlements.

[2] Snow worked for Company 2, another government contracting firm in Virginia and one of Company 1's competitors, and, for several months in or about 2014 and 2015, was discreetly working for Company 1 at the same time. Snow continued to work with Company 1 after Company 2 terminated Snow in or about April 2015. ECF No. 9 ¶ 7.

including the awarding of a professional staffing contract worth millions of dollars. The defendant also took steps to steer the procurement process and provide preferential treatment to Company 1.[3] *See generally* ECF No. 9; PSR ¶¶ 13-71.

The members of the conspiracy executed the scheme in the following manner, among other means: Between in or about late 2014 and in or about mid to late 2016, Snow and Starliper offered and gave, and the defendant accepted, things of value for the defendant's relative, Person A, including payments for a job involving minimal work, in exchange for official actions and preferential treatment in the awarding, modifying, administering, and influencing of BBG staffing contracts / task orders and modifications awarded to Company 1. The defendant performed the official acts benefitting Company 1 as opportunities arose. Between in or about late 2014 and in or about July 2015, Snow acted together with the defendant, Starliper, Company 1, and others to obtain for Company 1 at least a portion of the BBG staffing contracts previously awarded to Company 2. At various times between in or about February 2015 and in or about June 2016, Snow, Starliper, and Company 1 attempted to conceal Person A's employment with Company 1 and the payments to Person A. ECF No. 9 ¶¶ 12-14; PSR ¶¶ 24-26.

---

[3] The BBG supplemented its multimedia staff with hundreds of consultants and contractor personnel. To reduce the burden of staffing and managing positions filled by contractor personnel, the BBG, beginning in or about 2014, outsourced this responsibility to government vendors offering professional staffing services. In or about September 2014, the defendant awarded professional staffing contracts to Company 2 that had option years. In or about late 2014 or early 2015, the defendant advised Company 2 that the BBG had decided not to exercise Company 2's first-year option; instead, the BBG would recompete Company 2's staffing contracts. The defendant awarded the recompete contracts to Company 1 in or about mid-2015. ECF No. 9 ¶¶ 8-10, 13, 16, 55.

The PSR and statement of facts also indicate that the defendant and her co-conspirators took several steps to further the conspiracy. ECF No. 9 ¶¶ 15-59; PSR ¶¶ 27-71. These steps include efforts to conceal the scheme. *Id.*

## II.  Argument

The parties have agreed to make a joint recommendation to the Court that, in essence, increases the defendant's existing sentence by six months. In isolation, however, the defendant's bribery scheme involving Starliper, Snow, and Company 1 is a serious one that severely undermined the BBG's procurement integrity. The defendant agreed to accept a substantial amount of bribe payments for the benefit of her relative. In exchange, the defendant agreed to perform official acts and provided preferential treatment to Snow, Starliper, and Company 1 in connection with the BBG's professional staffing contracts. The defendant fulfilled this corrupt bargain, which resulted in the awarding of lucrative contracts and modifications to Company 1 that were worth millions of dollars.

The BBG and taxpayers were entitled to receive the defendant's honest and faithful services, and it is evident they received far less due to her misconduct. Under the circumstances, a 30 month term of imprisonment that runs concurrently with the sentence in the original matter is sufficient in this instance to comply with the purposes set forth in section 3553(a), including to adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and adequately deter other government contractors and procurement officials from engaging in similar deceit and corruption. The government further recommends a fine at the low end of the advisory guideline range.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Corey R. Amundson
Chief, Public Integrity Section

By: _____
Edward P. Sullivan
Special Assistant United States Attorney (LT)
Senior Litigation Counsel, Public Integrity Section
Jordan Dickson
Trial Attorney, Public Integrity Section

Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Tel:  (703) 299-3700
Fax:  (703) 299-3981
Edward.P.Sullivan@usdoj.gov
Jordan.Dickson@usdoj.gov

6

## CERTIFICATE OF SERVICE

    I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the defendants.

                                                 /s/ Edward P. Sullivan
                                                 Edward P. Sullivan
                                                 Special Assistant United States Attorney (LT)
                                                 Senior Litigation Counsel, Public Integrity Section

Dated:  April 7, 2022